| | |
|---|---|
| 1 | WESTON, GARROU & MOONEY |
| | JOHN H. WESTON (SBN: 46146) |
| 2 | johnhweston@wgdlaw.com |
| | G. RANDALL GARROU (SBN: 74442) |
| 3 | randygarrou@wgdlaw.com |
| | JEROME H. MOONEY (SBN: 199542) |
| 4 | jerrym@mooneylaw.com |
| | 12121 Wilshire Boulevard, Suite 525 |
| 5 | Los Angeles, CA 90025-1176 |
| | Telephone: (310) 442-0072 |
| 6 | Facsimile: (310) 442-0899 |
| 7 | Attorneys for Plaintiff IBIZ, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NET CONNECTION HAYWARD, LLC, a California limited liability company,

      Plaintiff,

  vs.

CITY OF HAYWARD, a California municipal corporation,

      Defendant

Case No. CV 13-1212 SC

IBIZ, LLC, a California Limited Liability Company,

      Plaintiff,

  vs.

CITY OF HAYWARD, a California municipal corporation,

      Defendant

**STIPULATION AND [~~PROPOSED~~] ORDER IN BOTH RELATED CASES FOR MINOR MODIFICATION OF FACTUAL DESCRIPTIONS IN ORDERS ON PRELIMINARY INJUNCTION MOTIONS**

Case No: CV 13 1537 SC

Honorable Samuel Conti, Judge
Crtrm. 1, 17th Floor

COME NOW PLAINTIFFS NET CONNECTION AND IBIZ, AND DEFENDANT CITY, AND STIPULATE AS FOLLOWS:

---

**STIPULATION AND [~~PROPOSED~~] ORDER FOR MODIFICATION OF JUDGMENT**
PRG8035.DOC

1     **WHEREAS** the Court held extensive evidentiary hearings regarding the factual operation
2 of Plaintiff Net Connection's sweepstakes program and summarized its factual conclusions in its
3 Order in the Net Connection case (Doc. 54); and

4     **WHEREAS** the Court's Order (Doc. 44) in the IBiz case adopted those factual findings as
5 also applying to the operation of IBiz' sweepstakes program; and

6     **WHEREAS,** to avoid considerable expense that would be incurred if the parties had to
7 relitigate these factual issues, the description of the factual operation of the Net Connection system
8 is useful to *all* the parties as, without it, they may have to relitigate, at great expense, the relevant
9 facts of these sweepstakes' operations in any other forum or fora where the legal issues pertinent to
10 those facts may hereafter become relevant; and

11     **WHEREAS,** the parties are in agreement that the paragraph of the Court's Order (Doc. 54)
12 in the Net Connection case starting at p. 3, line 7 and ending at p. 4, line 5, with just slight
13 modification, would be acceptable to all parties as an accurate description of the operation of the
14 Net Connection sweepstakes program; and

15     **WHEREAS,** the parties in the IBiz case are in agreement that the adoption of the facts in
16 the Net Connection Order in the IBiz Order (Doc. 44 at p. 1, lines 26-27), as being equally
17 applicable to Plaintiff IBiz's sweepstakes program would also be fully accurate if one slight
18 difference in the two systems were noted in the IBiz Order; and

19     **WHEREAS,** the preliminary injunction orders, as appealable orders, are judgments under
20 Rule 54(a) and the deadline for filing any motion to alter or amend those judgments under Rule
21 59(e) is this Thursday, August 14, 2013; and

22     **WHEREAS,** Plaintiff IBiz contemplates possibly moving to seek to certain minor
23 modifications of the Court's Order in its case, and/or the Net Connection case (the latter only if the
24 current stipulation is rejected), but the contents of that motion would vary greatly depending on
25 whether the Court is agreeable to the minor modifications of its Orders proposed in this stipulation;
26 and

27
28

**WHEREAS**, Plaintiff IBiz, accordingly seeks an extension of its deadline to file a motion to alter or amend until 5 days after this Court rules on this stipulation, and the City has no opposition to any such extension;

**WHEREFORE,** the parties **HEREBY STIPULATE**, subject to the approval of the Court, to each of the following:

1. That the paragraph starting at pages 3, line 7 of the Order Denying Preliminary Injunction issued in Net Connection Hayward, LLC v. City of Hayward (Doc. 54) be modified in the following minor respects, shown in redline:

> "Though the inner workings of the Sweepstakes Promotion are not important at this point, the Court will briefly summarize a very complicated technological setup as described in the report and analysis on the Sweepstakes Promotion software from Nick Farley & Associates, Inc., ECF No. 36-1 ("Suppl. Farley Report"). There are several different game types that a customer can play on Plaintiff's computers by using "points" that the customer acquires by buying computer time or just by asking for free points. Id. at 1-2. The game types are designed to look different, but the underlying mechanism for all of the types is the same: the player essentially flips over a virtual card <span style="color:red">(also described variously as either an "entry result" or a "game piece")</span> to see if she wins or loses, though the "stacks" of "cards" with which the customer interacts are all pre-shuffled by a computer and then sorted among the different game types and levels among each game. Id. at 1-6. For example, a customer can choose to play "Fat Cat" or "Panda Paradise," each of which will draw from a different pool of pre-shuffled pieces and require the customer to use a different amount of Sweepstakes Promotion points. Id. at 1-6, 9. How many points a customer needs to flip over a <span style="color:red">virtual</span> card depends on what game type the customer is playing, and each different level of points draws from a different pool as well. Id. at 9. On a purely mathematical and computational level, the results of each Sweepstakes Promotion game are preset and predictable, since the Sweepstakes Promotion software does not randomize results as a customer uses the software, but the number of game types and the way "piles" of cards are shuffled, selected, and rotated among the games provides for a vast number of possible outcomes. See id. at 6-10. <span style="color:red">All sorting and shuffling discussed herein occurs *before* the software is installed.</span>"

2. That page 1, lines 26-27 of the IBiz Order, stating that: "[t]he Court incorporates its findings from the Net Connection Order into this one" be modified just slightly to read as follows:

> "The Court incorporates its findings from the Net Connection Order into this one, <span style="color:red">except that as to the Figure 8 System used by IBiz, there is not a separate pool for each game theme played, but instead, there are separate pools determined by the number of points utilized to enter. Thus, in the Figure 8 System, the same pool, e.g. the "50 point pool," may be accessed by multiple games.</span> ~~The Court does not find this to be a meaningful difference however.~~"

3. That, for good cause shown, the current deadline of August 15, 2013, for filing a Motion to Alter or Amend the Orders issued in these two cases on July 18, 2013 (Doc. 54 in the Net Connection case and Doc. 44 in the IBiz case) is hereby extended until five court days after the Court has ruled on this Stipulation and Proposed Order.

**IT IS SO STIPULATED**

DATED: August 14, 2013        Tory E. Griffin
                              DOWNEY BRAND LLP


                        By:   */s/ Tory E. Griffin*
                              TORY E. GRIFFIN
                              Attorney for Plaintiff
                              Net Connection Hayward, LLC

DATED: August 14, 2013        John H. Weston
                              G. Randall Garrou
                              Jerome Mooney
                              WESTON, GARROU & MOONEY


                        By:   */s/ G. Randall Garrou*
                              G. Randall Garrou
                              Attorneys for Plaintiff IBIZ LLC

DATED: August 14, 2013        MICHAEL S. LAWSON, CITY ATTORNEY


                        By:   */s/ Michael G. Vigilia*
                              MICHAEL G. VIGILIA
                              Assistant City Attorney, City of Hayward
                              Attorney for Defendant, City of Hayward


**ORDER**

Based on the stipulation of the parties, and good cause appearing therefore

**IT IS SO ORDERED.**


DATED: August 15, 2013

                              HON. SAMUEL CONTI
                              UNITED STATES DISTRICT JUDGE

[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Samuel Conti]

4

**STIPULATION AND [~~PROPOSED~~] ORDER FOR MODIFICATION OF JUDGMENT**

PRG8035.DOC