1  WESTON, GARROU & MOONEY
   JOHN H. WESTON (SBN: 46146)
2  johnhweston@wgdlaw.com
   G. RANDALL GARROU (SBN: 74442)
3  randygarrou@wgdlaw.com
   JEROME H. MOONEY (SBN: 199542)
4  jerrym@mooneylaw.com
   12121 Wilshire Boulevard, Suite 525
5  Los Angeles, CA 90025-1176
   Telephone: (310) 442-0072
6  Facsimile: (310) 442-0899

7  Attorneys for Plaintiff IBIZ, LLC

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  NET CONNECTION HAYWARD, LLC, a
    California limited liability company,

12                    Plaintiff,

13          vs.                               Case No. CV 13-1212 SC

14  CITY OF HAYWARD, a California
    municipal corporation,

15
                    Defendant                 **STIPULATION AND [~~PROPOSED~~]**
16                                            **ORDER IN BOTH RELATED CASES**
                                              **FOR MINOR MODIFICATION OF**
17  IBIZ, LLC, a California Limited Liability  **FACTUAL DESCRIPTIONS IN ORDERS**
    Company,                                  **ON PRELIMINARY INJUNCTION**
18                                            **MOTIONS**
                    Plaintiff,
19
            vs.
20                                            Case No:  CV 13 1537 SC
    CITY OF HAYWARD, a California
21  municipal corporation,

22                  Defendant                 Honorable Samuel Conti, Judge
                                              Crtrm. 1, 17th Floor
23

24

25  COME NOW PLAINTIFFS NET CONNECTION AND  IBIZ, AND DEFENDANT CITY, AND

26  STIPULATE AS FOLLOWS:

27

28

1      **WHEREAS** the Court held extensive evidentiary hearings regarding the factual operation

2  of Plaintiff Net Connection's sweepstakes program and summarized its factual conclusions in its

3  Order in the Net Connection case (Doc. 54); and

4      **WHEREAS** the Court's Order (Doc. 44) in the IBiz case adopted those factual findings as

5  also applying to the operation of IBiz' sweepstakes program; and

6      **WHEREAS,** to avoid considerable expense that would be incurred if the parties had to

7  relitigate these factual issues, the description of the factual operation of the Net Connection system

8  is useful to *all* the parties as, without it, they may have to relitigate, at great expense, the relevant

9  facts of these sweepstakes' operations in any other forum or fora where the legal issues pertinent to

10  those facts may hereafter become relevant; and

11      **WHEREAS,** the parties are in agreement that the paragraph of the Court's Order (Doc. 54)

12  in the Net Connection case starting at p. 3, line 7 and ending at p. 4, line 5, with just slight

13  modification, would be acceptable to all parties as an accurate description of the operation of the

14  Net Connection sweepstakes program; and

15      **WHEREAS,** the parties in the IBiz case are in agreement that the adoption of the facts in

16  the Net Connection Order in the IBiz Order (Doc. 44 at p. 1, lines 26-27), as being equally

17  applicable to Plaintiff IBiz's sweepstakes program would also be fully accurate if one slight

18  difference in the two systems were noted in the IBiz Order; and

19      **WHEREAS,** the preliminary injunction orders, as appealable orders, are judgments under

20  Rule 54(a) and the deadline for filing any motion to alter or amend those judgments under Rule

21  59(e) is this Thursday, August 14, 2013; and

22      **WHEREAS,** Plaintiff IBiz contemplates possibly moving to seek to certain minor

23  modifications of the Court's Order in its case, and/or the Net Connection case (the latter only if the

24  current stipulation is rejected), but the contents of that motion would vary greatly depending on

25  whether the Court is agreeable to the minor modifications of its Orders proposed in this stipulation;

26  and

27

28

**STIPULATION AND [~~PROPOSED~~] ORDER FOR MODIFICATION OF JUDGMENT**

PRG8035.DOC

1    **WHEREAS**, Plaintiff IBiz, accordingly seeks an extension of its deadline to file a motion

2    to alter or amend until 5 days after this Court rules on this stipulation, and the City has no

3    opposition to any such extension;

4

5    **WHEREFORE,** the parties **HEREBY STIPULATE**, subject to the approval of the Court,

6    to each of the following:

7        1.    That the paragraph starting at pages 3, line 7 of the Order Denying Preliminary

8    Injunction issued in Net Connection Hayward, LLC v. City of Hayward (Doc. 54) be modified in

9    the following minor respects, shown in redline:

> "Though the inner workings of the Sweepstakes Promotion are not important at this point, the Court will briefly summarize a very complicated technological setup as described in the report and analysis on the Sweepstakes Promotion software from Nick Farley & Associates, Inc., ECF No. 36-1 ("Suppl. Farley Report"). There are several different game types that a customer can play on Plaintiff's computers by using "points" that the customer acquires by buying computer time or just by asking for free points. Id. at 1-2. The game types are designed to look different, but the underlying mechanism for all of the types is the same: the player essentially flips over a virtual card (also described variously as either an "entry result" or a "game piece") to see if she wins or loses, though the "stacks" of "cards" with which the customer interacts are all pre-shuffled by a computer and then sorted among the different game types and levels among each game. Id. at 1-6. For example, a customer can choose to play "Fat Cat" or "Panda Paradise," each of which will draw from a different pool of pre-shuffled pieces and require the customer to use a different amount of Sweepstakes Promotion points. Id. at 1-6, 9. How many points a customer needs to flip over a virtual card depends on what game type the customer is playing, and each different level of points draws from a different pool as well. Id. at 9. On a purely mathematical and computational level, the results of each Sweepstakes Promotion game are preset and predictable, since the Sweepstakes Promotion software does not randomize results as a customer uses the software, but the number of game types and the way "piles" of cards are shuffled, selected, and rotated among the games provides for a vast number of possible outcomes. See id. at 6-10. All sorting and shuffling discussed herein occurs *before* the software is installed."

22        2.    That page 1, lines 26-27 of the IBiz Order, stating that: "[t]he Court incorporates its

23    findings from the Net Connection Order into this one" be modified just slightly to read as follows:

> "The Court incorporates its findings from the Net Connection Order into this one, except that as to the Figure 8 System used by IBiz, there is not a separate pool for each game theme played, but instead, there are separate pools determined by the number of points utilized to enter. Thus, in the Figure 8 System, the same pool, e.g. the "50 point pool," may be accessed by multiple games. ~~The Court does not find this to be a meaningful difference however.~~"

3

**STIPULATION AND [~~PROPOSED~~] ORDER FOR MODIFICATION OF JUDGMENT**

PRG8035.DOC

1       3.  That, for good cause shown, the current deadline of August 15, 2013, for filing a Motion

2  to Alter or Amend the Orders issued in these two cases on July 18, 2013 (Doc. 54 in the Net

3  Connection case and Doc. 44 in the IBiz case) is hereby extended until five court days after the

4  Court has ruled on this Stipulation and Proposed Order.

5                      **IT IS SO STIPULATED**

6  DATED:  August 14, 2013          Tory E. Griffin
                                      DOWNEY BRAND LLP

7

8                            By:      */s/ Tory E. Griffin*

9                                    TORY E. GRIFFIN
                                    Attorney for Plaintiff

10                                  Net Connection Hayward, LLC

11  DATED:  August 14, 2013          John H. Weston
                                    G. Randall Garrou

12                                  Jerome Mooney
                                  WESTON, GARROU & MOONEY

13

14                            By:    */s/  G. Randall Garrou*

15                                    G. Randall Garrou
                                  Attorneys for Plaintiff IBIZ LLC

16

17  DATED:  August 14, 2013          MICHAEL S. LAWSON, CITY ATTORNEY

18

19                            By:    */s/ Michael G. Vigilia*

20                                    MICHAEL G. VIGILIA
                                  Assistant City Attorney, City of Hayward

21                                  Attorney for Defendant, City of Hayward

22                            <u>**ORDER**</u>

23      Based on the stipulation of the parties, and good cause appearing therefore,

24  **IT IS SO ORDERED.**

25

26  DATED:  <u>August 15, 2013</u>

27

28

4

**STIPULATION AND [~~PROPOSED~~] ORDER FOR MODIFICATION OF JUDGMENT**

PRG8035.DOC

*(Court seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — stamp reading "IT IS SO ORDERED AS MODIFIED" signed Judge Samuel Conti)*